IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:                                              )
                                                    )     Case No. 22-21021-8
SARAH E. GOLDMAN                                    )
                                  Debtor.           )

## CHAPTER 7 TRUSTEE OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION OF A ROTH IRA HELD WITH CAPITOL FEDERAL SAVINGS

Christopher J. Redmond, Chapter 7 Trustee of the bankruptcy estate of Sarah E. Goldman (the "Chapter 7 Trustee"), comes before this Court seeking an Order finding that the Debtor's actions in this matter and certain funds deposited into an IRA should be determined to be non-exempt bankruptcy estate property for the benefit of this Debtor's creditors. In support of this Objection, the Chapter 7 Trustee states as follows:

1. Sarah E. Goldman (the "Debtor") filed a Chapter 7 bankruptcy proceeding on October 21, 2022, and Christopher J. Redmond was appointed the Chapter 7 Trustee of this bankruptcy estate (the "Chapter 7 Trustee").

2. The Schedules filed by the Debtor on October 21, 2022, reflect Roth IRA held with Capitol Federal Savings in the sum of $2,280.00, and exempted the same under K.S.A. 60-2308 and K.S.A. 60-2313(a)(1), noting that these funds were transferred to the Roth IRA on October 19, 2022, two (days) prior to filing this bankruptcy proceeding.

3. The Debtor was asked to provide bank statements for the scheduled Capitol Federal Savings checking account shown, which reflects a Sofi Bank loan of $15,000.00 being deposited into her bank account on July 29, 2022. The bank statements provided no information or detail as to what the Debtor utilized these loan funds for and it is noted

1 | P a g e

that she has scheduled Sofi Bank as a general unsecured creditor who holds $14,909.00 claim.

4. It is difficult to determine if the funds utilized by the Debtor to fund the Roth IRA were remaining from the loan with Sofi Bank, as without a bank statement that reflects where funds are going and for what, it is impossible to determine.

5. The Chapter 7 Trustee has requested additional information and documentation from this Debtor regarding the loan funds and the opening of the Roth IRA.

6. The Chapter 7 Trustee objects to the Debtor's exemption as the timing of placing those funds held in a regular bank account into a Roth IRA two (2) days prior to filing appears to be a strategy used to keep the Chapter 7 Trustee from requesting turnover of the funds for the benefit of creditors in this bankruptcy proceeding.

## JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1334. An objection to a used exemption and a request to turn over property of the estate is a core proceeding. As a core proceeding, the Bankruptcy Court, pursuant to 28 U.S.C. § 157(b)(2)(B), (E) and (K) provide the statutory basis for the Court to determine core matters.

## BURDEN OF PROOF

Under Kansas Statutory provision K.S.A. 60-4112(h), the party claiming the exemption has the burden of proof to demonstrate that the claimed exemption falls within the scope of K.S.A. 60-2304(a) to (e).

The Statutory provision at K.S.A. 60-4112(h), provides as follows:

> (h) In any proceeding under this act, if a claim is based on any exemption provided for in this act, the burden of proving the existence of the exemption is on the

claimant, and is not necessary for the seizing agency or plaintiff's attorney to negate the exemption in any application or complaint.

## FED. R. BANKR. P. 4003

Under federal law, which arises upon the filing of a bankruptcy proceeding, Fed. R. Bankr. P. 4003(a) a presumption is invoked by making the claim of exemption to assets by the debtor on Schedule C. The presumption is rebutted by the filing of an objection to the claimed exemption. Fed.R. Bankr. P. 4003(b). Once the objection to the claimed exemption is filed, the determination of the allowance or disallowance of the exemption is based on the evidence presented and the applicable burden of proof. Fed. R. Evid. 301 and 302. Fed. R. Bankr. P. 4003(c) provides: *the "objecting party has the burden of proving that the exemption(s) are not properly claimed"*.

WHEREFORE, the Chapter 7 Trustee objects to the Debtor's claim of exemption under K.S.A. 60-2308 and K.S.A. 60-2313(a)(1), until the Chapter 7 Trustee has received from the Debtor documentation and information as requested by the Chapter 7 Trustee on December 8, 2022; the Chapter 7 Trustee requests the Court determine the burden of proof is upon the Debtor to prove her opening of the Roth IRA account two (2) days prior to filing was not meant to be a strategy used to keep the Chapter 7 Trustee from requesting turnover of the funds for the benefit of creditors in this bankruptcy proceeding; and for such other and further relief as this Court deems just and proper.

DATED: December 8, 2022

Respectfully Submitted,

*s/ Christopher J. Redmond*
CHRISTOPHER J. REDMOND, KS BAR #7307
REDMOND LAW FIRM, LLC
13220 Metcalf Ave., Suite 310
Overland Park, KS  66213
Telephone:  913-379-1100
Fax:  913-379-1109
christopher.redmond@christopherredmondlawfirm.com

*ATTORNEY FOR THE CHAPTER 7 TRUSTEE*

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2022, the above and foregoing document was filed electronically using CM/ECF and a true and correct copy of the above and foregoing was served as follows:

  X   upon filing, the CM/ECF system sent notification to:

U.S. Trustee
ustpregion20.wi.ecf@usdoj.gov

Jeffrey L. Wagoner on behalf of Debtor Sarah E Goldman
bankruptcy@wagonergroup.com,
wmlecf@gmail.com;wjr52985@notify.bestcase.com;bankruptcy@wagonergroup.com

and, any and all other parties participating in the CM/ECF system in this matter as evidenced by the receipt generated at the time of filing.

*s/ Cynthia Houser*